**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-23800-ELFENBEIN

**RICH OMORUYI**,

      Plaintiff,

v.

**MIAMI-DADE COUNTY**, *et al.*,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION[1]</u>

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.  On May 29, 2026, pro se Plaintiff Rich Omoruyi ("Plaintiff") filed a two-page Complaint against Miami-Dade County and Avila Williams, asserting claims for false arrest, malicious prosecution, municipal liability, negligence, battery, false imprisonment, and intentional infliction of emotional distress. *See* ECF No. [1] at 1–2.  Each count consists of a single-sentence allegation. *See id.*  That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (the "IFP Motion"). *See* ECF No. [3].  On June 12, 2026, the Court denied the IFP Motion without prejudice because the Affidavit component of the Long Form was left unsigned and the financial information within the IFP Motion remained unsworn. *See* ECF Nos. [3]  at 1;

---

[1] Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge was assigned as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment.  To ensure that all parties understood their rights to opt out of Magistrate Judge jurisdiction without any adverse consequences, the undersigned issued an Order Explaining Magistrate Judge Jurisdiction and Providing Instructions to *Pro Se* Litigant on June 4, 2026. *See* ECF No. [4].  Defendants have not yet entered an appearance in this case, so Defendants cannot be deemed to have consented to Magistrate Judge jurisdiction by failing to opt out.  Accordingly, the undersigned will request that this case be transferred to a District Judge for further proceedings and will deal with Plaintiff's failure to comply with a court order in a Report and Recommendation instead of in an Order.

[5].  The Court therefore ordered Plaintiff to either "pay the required filing fee or resubmit the Long Form for the Court's reconsideration of his request to proceed In Forma Pauperis" no later than June 30, 2026.  ECF No. [5].  The Court also warned Plaintiff that "[f]ailure to comply with this Order by the deadline may result in dismissal without prejudice without further notice." *Id.*

The June 30 deadline has long passed without Plaintiff paying the required filing fee or submitting the Long Form for the Court's reconsideration, as the Court ordered him to do.  *See id*. Plaintiff also failed to request an extension of time.  If a party fails to comply with a court's "valid and lawful orders," that party may be held in civil contempt or have "monetary sanctions . . . assessed against" him.  *See, e.g.*, *Fouissi v. H. Trading Corp.*, No. 16-CV-23283 -Scola, 2017 WL 7796331, at *1 (S.D. Fla. Dec. 1, 2017); *cf. United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988).  Similarly, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also Degen v. United States*, 517 U.S. 820, 827 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case.  Again, its powers include those furnished by federal rule and by inherent authority.") (citations omitted); *cf.* Fed. R. Civ. P. 41(b).  The goal of this sanction is "to prevent undue delays in the disposition of pending cases and to avoid congestion in the" court's calendar so that the court can "achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation marks omitted).

Because the Court afforded Plaintiff the opportunity to pay the required filing fee or submit the Long Form for the Court's reconsideration — warning him that failure to do so may result in dismissal — and Plaintiff has neither complied nor sought an extension of time, *see* ECF No. [5], the undersigned respectfully **RECOMMENDS** that the Court exercise its inherent power to

**DISMISS** the Complaint, **ECF No. [1]**, **WITHOUT PREJUDICE**.  *See Foudy*, 845 F.3d at 1126; *Degen*, 517 U.S. at 827; *Equity Lifestyle*, 556 F.3d at 1240.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on August 4, 2026.

_____

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Rich Omoruyi**
2635 NW 205 St
Miami, FL 33056
954-682-7546
*PRO SE*

3