**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23800-CIV-ALTONAGA/Elfenbein**

**RICH OMORUYI**,

      Plaintiff,

v.

**MIAMI-DADE COUNTY, d/b/a**
**MIAMI-DADE TRANSIT**, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon United States Magistrate Judge Marty Fulgueira Elfenbein's Report and Recommendation ("Report") [ECF No. 6], recommending that the Court dismiss *pro se* Plaintiff, Rich Omoruyi's Complaint and Demand for Jury Trial [ECF No. 1] without prejudice for failure to comply with a court order.  (*See* Report 3).[1]  For the following reasons, the Court declines to adopt the Report.

On May 29, 2026, Plaintiff filed his Complaint, along with an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [ECF No. 3].  On June 12, 2026, the Magistrate Judge denied the IFP Motion because Plaintiff had not signed the affidavit or sworn to the financial information contained therein.  (*See* June 12, 2026 Paperless Order [ECF No. 5]).  The Magistrate Judge gave Plaintiff until June 30, 2026, to pay the filing fee or resubmit a sufficient application to proceed without paying — warning that failure to comply could "result in dismissal without prejudice without further notice."  (*Id.*).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Plaintiff did neither, nor did he seek an extension. (*See* Report 2; *see generally* Dkt.). The Magistrate Judge thus recommended the Court dismiss Plaintiff's Complaint without prejudice (*see* Report 2–3), after which she directed the Clerk of Court to reassign the case to a District Judge for a ruling (*see* Aug. 4, 2026 Paperless Order [ECF No. 7]).

Because Plaintiff proceeds *pro se*, the Court liberally construes his Complaint. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). So construed, the Complaint alleges, *inter alia*, malicious prosecution under 42 U.S.C. section 1983. (*See* Compl. 1–2). "[A] claim of malicious prosecution accrues when the prosecution against the plaintiff terminates in his favor." *Laskar v. Hurd*, 972 F.3d 1278, 1285 (11th Cir. 2020) (alteration added; citation omitted). Plaintiff alleges the charges against him were initiated "without probable cause" and "dismissed on October 6, 2021[,]" and he further alleges equitable tolling applies to his claims because he "diligently pursued" them. (Compl. 1–2 (alteration added)); *see also Zamudio v. Haskins*, 775 F. App'x 614, 616–17 (11th Cir. 2019) (applying equitable-tolling principles to a section 1983 action).

A section 1983 claim accruing before March 24, 2023, is subject to Florida's then-applicable four-year statute of limitations. *See Nelson v. City of Jacksonville*, No. 23-cv-343, 2024 WL 7013978, at *2 (M.D. Fla. Dec. 30, 2024) ("Because the plaintiff's claim or claims accrued before March 24, 2023, the four-year statute of limitations period applies to his claim under [section] 1983." (alteration added)), *report and recommendation adopted*, 2025 WL 4658716 (M.D. Fla. Jan. 27, 2025). Absent tolling, the limitations period on Plaintiff's malicious-prosecution claim — and other constitutional violations he asserts under section 1983 — has likely expired. A dismissal without prejudice may preclude Plaintiff from reasserting his claim(s) in a new action, thereby functioning as a dismissal *with* prejudice. *See, e.g., Bettis v. Toys "R" Us-*

*Delaware, Inc.*, 273 F. App'x 814, 818 (11th Cir. 2008) ("When an order 'has the effect of precluding [a plaintiff] from refiling [his] claim due to the running of the statute of limitations . . . [t]he dismissal [is] tantamount to a dismissal with prejudice.'" (alterations in original; quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981))).

Although Plaintiff has failed to comply with the Magistrate Judge's June 12, 2026 Order, the Report does not make the findings necessary to support a dismissal with prejudice — those findings being a clear pattern of delay or willful contempt and that lesser sanctions would not suffice. *See Bettis*, 273 F. App'x at 818; *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). The Court therefore declines to adopt the Report.

Administrative Order 2025-11 of the United States District Court for the Southern District of Florida provides that non-prisoner *pro se* cases are assigned to Magistrate Judges without paired District Judges unless a party opts out, and that the original Magistrate Judge remains assigned even upon reassignment to a District Judge. *See In re Random Assignment of Non-Prisoner Pro Se Cases to United States Magistrate Judges*, Admin. Order 2025-11, at 1 (S.D. Fla. Mar. 3, 2025). No party has opted out in this case. (*See generally* Dkt.). The Court thus returns the case to its original assignment posture, consistent with Administrative Order 2025-11.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 6]** is **NOT ADOPTED**.

2. The matter is **RETURNED** to United States Magistrate Judge Marty Fulgueira Elfenbein for further proceedings. The Clerk is further directed to **CORRECT** the case assignment by removing the undersigned as the assigned District Judge and restoring Magistrate

CASE NO. 26-23800-CIV-ALTONAGA/Elfenbein

Judge Elfenbein as the presiding judicial officer, without a paired District Judge, consistent with Administrative Order 2025-11.

**DONE AND ORDERED** in Miami, Florida, this 7th day of August, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

4